**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION**

CHARLES WILLIAMSON                                                                              PLAINTIFF
ADC #152796

V.                                           NO: 5:14CV00198 SWW/HDY

SEVILLE BELL, JR. *et al.*                                                                     DEFENDANTS

**PROPOSED FINDINGS AND RECOMMENDATIONS**

**INSTRUCTIONS**

The following recommended disposition has been sent to United States District Judge Susan W. Wright. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3. The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of

>   proof, and a copy, or the original, of any documentary or
>   other non-testimonial evidence desired to be introduced at
>   the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

>   Clerk, United States District Court
>   Eastern District of Arkansas
>   600 West Capitol Avenue, Suite A149
>   Little Rock, AR 72201-3325

## **DISPOSITION**

Plaintiff Charles Williamson, an Arkansas Department of Correction ("ADC") inmate, filed a *pro se* complaint on May 19, 2014. On December 23, 2014, Defendant Shawn Richard filed a motion for summary judgment, a statement of facts, and a brief in support (docket entries #72-#74). That same day, Defendants Seville Bell, Jr., Bruce W. James, Gaylon Lay, and Donald W. Tate ("ADC Defendants") filed a motion for summary judgment, a brief in support, and a statement of facts (docket entries #75-#77). Plaintiff filed responses on January 20, 20015 (docket entries #81 & #82).[1] Plaintiff filed additional responses on February 3, 2014 (docket entries #87-#88). Plaintiff also filed a motion to grant exhibits (docket entry #89). However, that motion seeks to introduce documents which are already part of the record, and it should therefore be denied as moot.

### I. Standard of review

Summary judgment is only appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no

---

[1] Plaintiff's claims against Defendants James Booker and Farrelle Williams were dismissed with prejudice on June 18, 2014 (docket entry #15).

genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The Court must view the facts, and inferences to be drawn from those facts, in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). A moving party is entitled to summary judgment if the nonmoving party has failed to make a showing sufficient to establish the existence of an element essential to that party's case. *Celotex*, 477 U.S. at 322-23. The Eighth Circuit has held that "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Dulany v. Carnahan*, 132 F.3d 1234, 1237 (8th. Cir. 1997) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).

## II. Analysis

According to Plaintiff's complaint, he is a mental health inmate who was assaulted by inmates Farrelle Williams and James Booker. Plaintiff contends that Defendants were deliberately indifferent to his medical needs, and they failed to protect him from assault when they placed him into a cell with other inmates.[2]

Defendant Richard

Plaintiff named Richard, a psychiatrist, as a Defendant because Richard discontinued Plaintiff's Depakote prescription, and because he did not say Plaintiff's mental issues were a housing problem (docket entry #73-2, page #20).

The Eighth Amendment's proscription of cruel and unusual punishment obligates prison

---

[2]Based on his medical records, it appears that Plaintiff claims his tendency to clean his cell results in conflict with his cellmates.

officials to provide adequate medical care to inmates in their custody. *Estelle v. Gamble*, 429 U.S. 97, 102-03 (1976). To succeed with an inadequate medical care claim, a plaintiff must allege and prove that: (1) he had objectively serious medical needs; and (2) prison officials subjectively knew of, but deliberately disregarded, those serious medical needs. *Dulany v. Carnahan*, 132 F.3d at 1239. Additionally, the Eighth Circuit has held that a "prisoner must show more than negligence, more even than gross negligence, and mere disagreement with treatment decisions does not rise to the level of a constitutional violation." *Estate of Rosenberg by Rosenberg v. Crandell*, 56 F.3d 35, 37 (8th Cir. 1995). However, "'Grossly incompetent or inadequate medical care can constitute deliberate indifference, as can a doctor's decision to take an easier and less efficacious course of treatment.'" *Warren v. Fanning*, 950 F.2d 1370, 1373 (8th Cir. 1991) (quoting *Smith v. Jenkins*, 919 F.2d 90, 93 (8th Cir. 1990)).

Plaintiff was taking Depakote and Celexa when he was in a county jail, before he came to the ADC, and those medications were continued by a psychiatrist on July 26, 2012, shortly after Plaintiff arrived at the ADC (docket entry #73-1, page #1). Richard first saw Plaintiff on October 26, 2012, discontinued the Celexa at Plaintiff's request, and continued Plaintiff on Depakote, but noted that lab work was necessary to determine if the dosage was therapeutic (docket entry #73-1, pages #14-#16). On January 4, 2013, Richard switched Plaintiff from Depakote to Celexa, noting that Celexa was more appropriate to treat mood complaints and obsessive compulsive disorder (docket entry #73-1, page #21). Richard increased the Celexa dosage at a March 29, 2013, visit, but noted that he was unable to discuss the reasons for the change due to Plaintiff's combative behavior (docket entry #73-1, page #30). Richard noted on June 28, 2013, that Plaintiff reported the Celexa was helping with his "cleaning disorder," and that he was doing "a lot better" (docket entry #73-1,

page #36). At that time, Richard noted manipulative behavior regarding his treatment and assignment to field work. Richard continued to monitor Plaintiff and prescribe medication until Plaintiff filed this lawsuit. The medical records indicate that the medication prescribed by Richard has been effective when Plaintiff has been compliant with his medication (docket entry 73-1 pages #47-#48, #52, #57 & #63).

It is clear from the medical evidence that Richard did not ignore Plaintiff's medical issues. Although Plaintiff may disagree with Richard's treatment approach, Richard appropriately monitored Plaintiff and adjusted his medication as he believed to be necessary. As discussed above, a disagreement with medical care is insufficient to establish a medical indifference claim. Richard is therefore entitled to summary judgement as to Plaintiff's mental health care claims against him.

Plaintiff also faults Richard for not recommending that he be given a single man cell. Plaintiff apparently believes a single man cell with air conditioning, a television, and a shower which he can use to take an hour and a half shower each day would help his mental health issues (docket entry #73-2, pages #30-#31). However, there is no evidence that any medical professional has prescribed such living conditions. In fact, Albert Kittrell, M.D., has provided an affidavit stating that there is no clinical indication for a special housing assignment, and that Plaintiff's psychiatric care and treatment has been appropriate (docket entry #73-3). Accordingly, Richard is entitled to summary judgment.

ADC Defendants

The ADC Defendants argue they are entitled to summary judgment because Plaintiff failed to exhaust his administrative remedies before he filed his lawsuit, and because they were not deliberately indifferent to any risk to his safety.

Lack of exhaustion is an affirmative defense, which must be proved by defendants, and need not be pleaded by the plaintiff. *Nerness v. Johnson*, 401 F.3d 874, 876 (8th Cir. 2005)(per curiam). The Prison Litigation Reform Act ("PLRA") "requires a prisoner to exhaust 'such administrative remedies as are available' before suing over prison conditions." *Booth v. Churner*, 532 U.S. 731, 733-34 (2001). The Eighth Circuit has reaffirmed that the exhaustion process must be fully completed prior to filing suit, and, if not, dismissal is "mandatory." *Johnson v. Jones*, 340 F.3d 624, 627 (8th Cir. 2003).

In support of their assertion that Plaintiff failed to exhaust his administrative remedies, the ADC Defendants have provided the affidavit of Barbara Williams, the ADC's inmate grievance supervisor (docket entry #75-3). According to Williams, Plaintiff failed to exhaust any grievance relating to his cell assignment or any issues in this lawsuit other than his medical complaints. Plaintiff's response offers no evidence to contradict Williams's assertion and in his deposition testimony, he essentially admitted he had not exhausted grievances as to the ADC Defendants. Accordingly, the ADC Defendants are entitled to summary judgment due to Plaintiff's failure to exhaust his administrative remedies before he filed this lawsuit.

### III. Conclusion

IT IS THEREFORE RECOMMENDED THAT:

1. Defendants' motions for summary judgment (docket entries #72 & #75) be GRANTED, and Plaintiff's complaint be DISMISSED.

2. Plaintiff's claims against Defendants Shawn Richard, James Booker, and Farrelle Williams, be DISMISSED WITH PREJUDICE.

3. Plaintiff's claims against all other Defendants be DISMISSED WITHOUT

PREJUDICE.

4. Plaintiff's motion to grant exhibits (docket entry #89) be DENIED AS MOOT.

5. The Court certify that an *in forma pauperis* appeal taken from the order and judgment dismissing this action is considered frivolous and not in good faith.

DATED this   13   day of February, 2015.

_____
UNITED STATES MAGISTRATE JUDGE